1  Thomas N. Millikan, Bar No. 234430
   TMillikan@perkinscoie.com
2  Joseph P. Reid, Bar No. 211082
   JReid@perkinscoie.com
3  Sarah Mae Anderson, Bar No. 359690
   SarahAnderson@perkinscoie.com
4  PERKINS COIE LLP
   11452 El Camino Real, Ste 300
5  San Diego, California 92130-2080
   Telephone: +1.858.720.5700
6  Facsimile:  +1.858.720.5799

7  Andrew N. Klein, Bar No. 300221
   AKlein@perkinscoie.com
8  PERKINS COIE LLP
   3150 Porter Drive
9  Palo Alto, California 94304-1212
   Telephone: +1.650.838.4300
10 Facsimile:  +1.650.838.4350

11 *Attorneys for Plaintiff Netskope, Inc.*

Ryan Iwahashi (CA SBN 284766)
ryan@gishpllc.com
GISH PLLC
50 California Street, Suite 1500
San Francisco, CA 94111
Phone: (415) 630-2000

Andrew D. Gish (NY SBN 4918454)
(*pro hac vice*)
andrew@gishpllc.com
Christopher Gerson (NY SBN 4595708)
(*pro hac vice*)
chris.gerson@gishpllc.com
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
Phone: (212) 518-7380

*Attorneys for Defendant Fortinet, Inc.*

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14                    OAKLAND DIVISION

15

16 NETSKOPE, INC.,                          Case No. 4:25-cv-02360-HSG

17        Plaintiff,                          **PROTECTIVE ORDER**

18        v.

19 FORTINET, INC.,

20        Defendant.

21

22

23

24

25

26

27

28

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE".

2.6    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in

United States District Court
Northern District of California

this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

1    2.16    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

2    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or as "HIGHLY

3    CONFIDENTIAL – SOURCE CODE."

4    2.17    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing

5    Party.

6    3.    <u>SCOPE</u>

7    The protections conferred by this Stipulation and Order cover not only Protected Material (as

8    defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

9    excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

10    presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

11    conferred by this Stipulation and Order do not cover the following information: (a) any information that is

12    in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain

13    after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order,

14    including becoming part of the public record through trial or otherwise; and (b) any information known to

15    the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a

16    source who obtained the information lawfully and under no obligation of confidentiality to the Designating

17    Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

18    4.    <u>DURATION</u>

19    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order

20    shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

21    directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

22    action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

23    appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

24    motions or applications for extension of time pursuant to applicable law.

25    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

26    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-

27    Party that designates information or items for protection under this Order must take care to limit any such

28    designation to specific material that qualifies under the appropriate standards. To the extent it is practical to

United States District Court
Northern District of California

do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

1    inspecting Party has identified the documents it wants copied and produced, the Producing Party must

2    determine which documents, or portions thereof, qualify for protection under this Order. Then, before

3    producing the specified documents, the Producing Party must affix the appropriate legend

4    ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY

5    CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or

6    portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the

7    protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

8    portion, the level of protection being asserted.

9         Documents and things produced or made available for inspection may be subject to redaction, in

10    good faith by the Producing Party, of information that is subject to the attorney client privilege, work-

11    product immunity, or any other applicable privilege or immunity. Each such redaction, regardless of size,

12    shall be clearly labeled "Redacted – Privileged." This Paragraph shall not be construed as a waiver of any

13    Party's right to seek disclosure of redacted information. The parties agree that neither party shall be

14    required to log any documents, communications, or other material that is subject to the attorney client

15    privilege, work-product immunity, or any other applicable privilege or immunity that was generated after

16    this litigation commenced.

17         (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating

18    Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected

19    testimony and specify the level of protection being asserted. When it is impractical to identify separately

20    each portion of testimony that is entitled to protection and it appears that substantial portions of the

21    testimony may qualify for protection, the Designating Party may invoke on the record (before the

22    deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific

23    portions of the testimony as to which protection is sought and to specify the level of protection being

24    asserted. Only those portions of the testimony that are appropriately designated for protection within the 21

25    days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

26    Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

27    entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

28    EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

United States District Court
Northern District of California

1  disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

2  designation by electing not to mount a challenge promptly after the original designation is disclosed.

3        6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by

4  providing written notice of each designation it is challenging and describing the basis for each challenge.

5  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the

6  challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

7  Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

8  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14

9  days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

10 belief that the confidentiality designation was not proper and must give the Designating Party an

11 opportunity to review the designated material, to reconsider the circumstances, and, if no change in

12 designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to

13 the next stage of the challenge process only if it has engaged in this meet and confer process first or

14 establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely

15 manner.

16        6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention,

17 the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in

18 compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or

19 within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

20 whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the

21 movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure

22 by the Designating Party to make such a motion including the required declaration within 21 days (or 14

23 days, if applicable) shall automatically waive the confidentiality designation for each challenged

24 designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation

25 at any time if there is good cause for doing so, including a challenge to the designation of a deposition

26 transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a

27 competent declaration affirming that the movant has complied with the meet and confer requirements

28 imposed by the preceding paragraph.

United States District Court
Northern District of California

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

      7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

      7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

      (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

United States District Court
Northern District of California

1    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

2    necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

3    (Exhibit A);

4    (d) the court and its personnel;

5    (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to

6    whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

7    Agreement to Be Bound" (Exhibit A);

8    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and

9    who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed

10    by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to

11    depositions that reveal Protected Material must be separately bound by the court reporter and may not be

12    disclosed to anyone except as permitted under this Stipulated Protective Order.

13    (g) the author or recipient of a document containing the information or a custodian or other person

14    who otherwise possessed or knew the information.

15    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

16    CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or

17    permitted in writing by the Designating Party, a Receiving Party may disclose any information or item

18    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY

19    CONFIDENTIAL – SOURCE CODE" only to:

20    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said

21    Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation

22    and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

23    A;

24    (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

25    litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as

26    to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

27    (c) the court and its personnel;

28    (d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to

1   whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

2   Agreement to Be Bound" (Exhibit A); and

3          (e) the author or recipient of a document containing the information or a custodian or other person

4   who otherwise possessed or knew the information.

5          7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL –</u>

6   <u>ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>

7   <u>to Experts.</u>

8          (a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party

9   that seeks to disclose to an Expert (as defined in this Order) any information or item that has been

10  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

11  – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party

12  that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,"

13  or "HIGHLY CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks

14  permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

15  her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

16  employer(s), (5) identifies each person or entity from whom the Expert has received compensation or

17  funding for work in his or her areas of expertise or to whom the expert has provided professional services,

18  including in connection with a litigation, at any time during the preceding five years,[2] and (6) identifies (by

19  name and number of the case, filing date, and location of court) any litigation in connection with which the

20  Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or

21  trial, during the preceding five years.[3]

22         (b) A Party that makes a request and provides the information specified in the preceding respective

23

24  _____

25  [2] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the
    Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality

26  agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating
    Party regarding any such engagement.

27  [3] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to
    the termination of the litigation that could foreseeably result in an improper use of the Designating Party's "HIGHLY

28  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"
    information.

1   paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or

2   Expert unless, within 14 days of delivering the request, the Party receives a written objection from the

3   Designating Party. Any such objection must set forth in detail the grounds on which it is based.

4          (c) A Party that receives a timely written objection must meet and confer with the Designating

5   Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days

6   of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated

7   House Counsel or the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with

8   Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must

9   describe the circumstances with specificity, set forth in detail the reasons why the disclosure to Designated

10  House Counsel or the Expert is reasonably necessary, assess the risk of harm that the disclosure would

11  entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion

12  must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by

13  agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons

14  advanced by the Designating Party for its refusal to approve the disclosure.

15         In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert

16  shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

17  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House

18  Counsel or Expert.

19  8.     PROSECUTION BAR

20         Absent written consent from the Producing Party, any individual who receives access to "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE"

22  information shall not be involved in the prosecution of patents or patent applications relating to network

23  security, including without limitation the patents asserted in this action and any patent or application

24  claiming priority to or otherwise related to the patents asserted in this action, before any foreign or

25  domestic agency, including the United States Patent and Trademark Office ("the Patent Office").[4] For

26

27  _____

28  [4] It may be appropriate under certain circumstances to require Outside and House Counsel who receive access to
    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to implement an "Ethical Wall."

United States District Court
Northern District of California

purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.[5] To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first received by the affected individual and shall end two (2) years after final termination of this action.

9.    SOURCE CODE

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution Bar set forth in Paragraph 8, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4, with the exception of Designated House Counsel.[6]

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.[7] The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The

---

[5] Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

[6] It may be appropriate under certain circumstances to allow House Counsel access to derivative materials including "HIGHLY CONFIDENTIAL - SOURCE CODE" information, such as exhibits to motions or expert reports.

[7] Any source code produced in discovery shall be made available for inspection in a format through which it could be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed. This alternative may be appropriate if the Producing Party and/or its counsel are located in a different jurisdiction than counsel and/or experts for the Receiving Party.

Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.[8]

(d)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall provide all such source code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)    The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

10.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels

---

[8] It may be appropriate under certain circumstances to require the Receiving Party to keep a paper log indicating the names of any individuals inspecting the source code and dates and times of inspection, and the names of any individuals to whom paper copies of portions of source code are provided.

United States District Court
Northern District of California

disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[9]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from

---

[9] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

United States District Court
Northern District of California

1    seeking additional protections.

2          (b)      In the event that a Party is required, by a valid discovery request, to produce a Non-

3    Party's confidential information in its possession, and the Party is subject to an agreement with the

4    Non-Party not to produce the Non-Party's confidential information, then the Party shall:

5                1.      promptly notify in writing the Requesting Party and the Non-Party that some or all

6    of the information requested is subject to a confidentiality agreement with a Non-Party;

7                2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in

8    this litigation, the relevant discovery request(s), and a reasonably specific description of the information

9    requested; and

10                3.      make the information requested available for inspection by the Non-Party.

11          (c)      If the Non-Party fails to object or seek a protective order from this court within 14

12    days of receiving the notice and accompanying information, the Receiving Party may produce the

13    Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

14    seeks a protective order, the Receiving Party shall not produce any information in its possession or

15    control that is subject to the confidentiality agreement with the Non-Party before a determination

16    by the court.[10] Absent a court order to the contrary, the Non-Party shall bear the burden and

17    expense of seeking protection in this court of its Protected Material.

18    12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

19          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to

20    any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving

21    Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

22    its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons

23    to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

24    persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

25    A.

26

27    _____

28    [10] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

13.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).[11] The inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection will not waive the applicable privilege and/or protection, including in this Litigation or in any other federal or state proceeding. This provision constitutes an Order under Federal Rule of Evidence 502(d). Upon discovery of the inadvertent production of Discovery Material over which a privilege or protection is claimed, a Producing Party may promptly request the return of such inadvertently produced Discovery Material. Upon a request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, the Receiving Party shall immediately destroy or return such Discovery Material and all copies to the Producing Party and certify compliance.

To the extent a Receiving Party disputes the claim of privilege or work-product protection (the "Disputing Party"), the Disputing Party shall notify in writing the Producing Party of its position within thirty (30) days of receiving the Inadvertent Disclosure Notice (a "Dispute Notification"). Within seven (7) days of receiving the Dispute Notification, the Producing Party shall either withdraw its claim of privilege or confer with the Disputing Party in an effort to resolve their disagreement. If no such resolution is reached, the Disputing Party may apply to the Court for a ruling on the Producing Party's claim of privilege. In arguing issues concerning protection for material claimed to constitute Privileged Material, no Party shall assert as a basis for the relief it seeks (including if a Receiving Party seeks a ruling that the disclosed information was never privileged) the fact or circumstance that such documents have already been inadvertently

---

[11] The parties may agree that the recipient of an inadvertent production may not "sequester" or in any way use the document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B) as amended in 2006. This could include a restriction against "presenting" the document(s) to the court to challenge the privilege claim as may otherwise be allowed under Rule 26(b)(5)(B) subject to ethical obligations.

United States District Court
Northern District of California

produced in the above-captioned action. However, the Receiving Party must comply with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B) regardless of whether it disputes the claim of privilege or work-product protection.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

14.5    Exchange of Redacted Copies of Protected Material. If a Party files a motion or brief, or serves an expert report, that contains Protected Material designated by the filing Party as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," within three business days of the filing, the filing

United States District Court
Northern District of California

1  Party will provide a redacted version of the motion, brief, or expert report that can be shared with House

2  Counsel of the non-filing Party. The Parties may extend this three business day period by agreement.

3  15.  <u>FINAL DISPOSITION</u>

4  Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving

5  Party must return all Protected Material to the Producing Party or destroy such material. As used in this

6  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

7  format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

8  or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the

9  same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

10  where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

11  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

12  reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

13  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

14  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

15  consultant and expert work product, even if such materials contain Protected Material. Any such archival

16  copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

17  Section 4 (DURATION).

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER
CASE NO. 4:25-CV-02360-HSG

United States District Court
Northern District of California

1

2          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

3

4    DATED: September 26, 2025            /s/ Andrew N. Klein
                                          Andrew N. Klein
5                                         PERKINS COIE LLP
                                          Attorneys for Plaintiff
6
     DATED: September 26, 2025            /s/ Christopher Gerson
7                                         Christopher Gerson
                                          GISH PLLC
8                                         Attorneys for Defendant

9
     DATED:    12/1/2025
10                                        Haywood S. Gilliam, Jr.
                                          United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the Northern District

of California on [date] in the case of _____ **[insert formal name of the case and the number and**

**initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                                    [printed name]

Signature: _____
                                    [signature]