Thomas N. Millikan, Bar No. 234430
TMillikan@perkinscoie.com
Joseph P. Reid, Bar No. 211082
JReid@perkinscoie.com
Sarah Mae Anderson, Bar No. 359690
SarahAnderson@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile:  +1.858.720.5799

Andrew N. Klein, Bar No. 300221
AKlein@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile:  +1.650.838.4350

*Attorneys for Plaintiff Netskope, Inc.*

Ryan Iwahashi (CA SBN 284766)
ryan@gishpllc.com
GISH PLLC
50 California Street, Suite 1500
San Francisco, CA 94111
Phone: (415) 630-2000

Andrew D. Gish (NY SBN 4918454)
(*pro hac vice*)
andrew@gishpllc.com
Christopher Gerson (NY SBN 4595708)
(*pro hac vice*)
chris.gerson@gishpllc.com
GISH PLLC
41 Madison Avenue, Floor 31
New York, NY 10010
Phone: (212) 518-7380

*Attorneys for Defendant Fortinet, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| NETSKOPE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FORTINET, INC., <br><br> Defendant. | Case No.4:25-cv-02360-HSG <br><br> **STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

1  Upon the stipulation of the parties, the Court ORDERS as follows:

2      1.    This Order supplements all other discovery rules and orders. It streamlines

3  Electronically Stored Information ("ESI") production to promote a "just, speedy, and

4  inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

5      2.    This Order may be modified in the Court's discretion or by stipulation.

6      3.    As in all cases, costs may be shifted for disproportionate ESI production requests

7  pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory

8  discovery tactics are cost-shifting considerations.

9      4    A party's meaningful compliance with this Order and efforts to promote

10 efficiency and reduce costs will be considered in cost-shifting determinations.

11     5.    General ESI production requests under Federal Rules of Civil Procedure 34 and

12 45 shall not include email or other forms of electronic correspondence (collectively "email"). To

13 obtain email parties must propound specific email production requests.

14     6.    Email production requests shall only be propounded for specific issues, rather

15 than general discovery of a product or business.

16     7.    Email production requests shall identify the custodian, search terms, and time

17 frame. The parties shall cooperate to identify the proper custodians, proper search terms and

18 proper timeframe as set forth in the Guidelines.

19     8.    The following metadata fields shall be included in the parties' ESI productions if

20 such fields exist: custodian, document type, file name, title (from the document properties), date

21 sent, date received, author (either email or lose file), recipients, copies, blind copies and email

22 subject.

23     9.    Absent agreement of the parties or further order of this court, the following

24 parameters shall apply to ESI production:

25         A.    **General Document Image Format**. Each electronic document shall be

26     produced in single-page Tagged Image File Format ("TIFF") format. TIFF files

27     shall be single page and shall be named with a unique production number

28     followed by the appropriate file extension. Load files shall be provided to indicate

the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B.     **Text-Searchable Documents**. No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C.     **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D.     **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E.     **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F.     **Voicemail and Mobile Devices**. Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

E.     **Jira, Slack, and Chat Communications**. Absent a showing of good cause, Jira information (e.g., tickets, boards, workflows, and the like), Slack communications and other chat communications are deemed not reasonably accessible and need not be collected and preserved.

10.     Each requesting party shall limit its email production requests to a total of five

1  custodians per producing party for all such requests. The parties may jointly agree to modify this
2  limit without the Court's leave. The Court shall consider contested requests for additional
3  custodians, upon showing a distinct need based on the size, complexity, and issues of this
4  specific case. Cost-shifting may be considered as part of any such request.

5        11.    Each requesting party shall limit its email production requests to a total of five
6  search terms per custodian per party. The parties may jointly agree to modify this limit without
7  the Court's leave.  The Court shall consider contested requests for additional search terms per
8  custodian, upon showing a distinct need based on the size, complexity, and issues of this specific
9  case. The Court encourages the parties to confer on a process to test the efficacy of the search
10 terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such
11 as the producing company's name or its product name, are inappropriate unless combined with
12 narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive
13 combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search
14 and shall count as a single search term. A disjunctive combination of multiple words or phrases
15 (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a
16 separate search term unless they are variants of the same word. Use of narrowing search criteria
17 (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered
18 when determining whether to shift costs for disproportionate discovery. Should a party serve
19 email production requests with search terms beyond the limits agreed to by the parties or granted
20 by the Court pursuant to this paragraph, this shall be considered in determining whether any
21 party shall bear all reasonable costs caused by such additional discovery.

22       12.    Nothing in this Order prevents the parties from agreeing to use technology
23 assisted review and other techniques insofar as their use improves the efficacy of discovery.
24 Such topics should be discussed pursuant to the District's E-Discovery Guidelines.

25       13.    Email thread suppression techniques may be applied to eliminate or withhold
26 documents from production provided that All Custodians and All Paths metadata for lesser
27 inclusive emails that are within the producing party's agreed-to review population and
28 suppressed from production are included in the metadata for the most inclusive emails that are

1. produced. Additionally, all non-duplicate email attachments included in the lesser inclusive emails that are suppressed shall be produced.

14. For any document withheld in its entirety on the basis of any asserted privilege, the withholding party will promptly produce a privilege log consistent with the requirements of the Federal Rules of Civil Procedure and any applicable order of the Court. . Documents that post-date the filing of the Complaint need not be logged in the first instance.

15. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege protection. In addition, information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced pursuant to Fed. R. Evid. 502(b).

16. Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding.

17. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

18. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**IT IS SO STIPULATED**, through Counsel of Record.

DATED: October 2, 2025        /s/ Andrew N. Klein
                              Andrew N. Klein
                              PERKINS COIE LLP
                              Attorneys for Plaintiff

DATED: October 2, 2025        /s/ Christopher Gerson
                              Christopher Gerson
                              GISH PLLC
                              Attorneys for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: 12/1/2025              _____
                              UNITED STATES DISTRICT JUDGE HAYWOOD S. GILLIAM, JR.