UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NETSKOPE, INC.,

          Plaintiff,

    v.

FORTINET, INC.,

          Defendant.

Case No.  25-cv-02360-HSG

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT FORTINET, INC.'S MOTION TO DISMISS**

Re: Dkt. No. 37

Pending before the Court is Defendant Fortinet, Inc.'s ("Fortinet") motion to dismiss.  Dkt. No. 37.  The Court found the matter appropriate for disposition without oral argument and took the matter under submission.  *See* Civil L.R. 7-1(b).  For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Fortinet's motion with leave to amend.

## I.   BACKGRUOND

Plaintiff Netskope, Inc. ("Netskope") filed this case on March 7, 2025 accusing Fortinet of infringing nine patents: U.S. Patent Nos. 8,356,336 (the "'336 Patent"); 8,543,710 (the "'710 Patent"); 8,117,639 (the "'639 Patent"); 8,224,983 (the "'983 Patent"); 8,327,426 (the "'426 Patent"); 7,593,936 (the "'936 Patent"); 8,397,282 (the "'282 Patent"); 8,661,153 (the "'153 Patent"); and 8,635,697 (the "'697 Patent") (collectively, the "Asserted Patents").  Dkt. No. 1.  Netskope filed an amended complaint on April 14, 2025, Dkt. No. 13, which Fortinet moved to dismiss on May 30, 2025.  Dkt. No. 22.  In conjunction with its opposition brief, Netskope filed a second amended complaint ("SAC").  Dkt. No. 29.  Fortinet moved to dismiss again, Dkt. No. 37, and Netskope opposed and further sought to amend its pleading.  Dkt. No. 44; Dkt. No. 44-28.

Netskope alleges that Fortinet infringed the Asserted Patents through features Fortinet built into its products.  SAC ¶¶ 386, 403, 420, 437, 454, 471, 488, 505, 522.  It alleges that FortiGate

and FortiAP infringe the '336 and '710 Patents, *id.* ¶¶ 386, 403; FortiGate and FortiOS infringe the '639 Patent, *id.* ¶ 420; FortiGate infringes the '983 and '153 Patents, *id.* ¶¶ 437, 505; FortiGate NGFW infringes the '282 Patent, *id.* ¶ 488; FortiOS infringes the '697 Patent, *id.* ¶ 522; and FortiAuthenticator infringes the '426 Patent, *id.* ¶ 454. For each of the Asserted Patents, Netskope alleges that the infringing features are "specifically programmed and adapted [to be] central to the products' operation," and the features "are not staple articles of commerce suitable for substantial non-infringing uses." *Id.* ¶¶ 386, 403, 420, 437, 454, 471, 488, 505, 522.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.    ANALYSIS

Section 271(a) provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention… during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Infringement may be direct or indirect, but liability for indirect infringement requires

United States District Court
Northern District of California

United States District Court
Northern District of California

direct infringement by a third party.  *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012).  Fortinet does not contest Netskope's direct infringement allegations here.  It only challenges Netskope's indirect infringement claims regarding three patents, and contributory infringement claims regarding all of the patents.

### A.    Indirect Infringement Related to the '153, '983, and '639 Patents

Fortinet contends that it lacked knowledge of the '153, '983, and '639 Patents such that it could not be liable for indirect infringement.  Dkt. No. 37 at 10–12.  Netskope argues that Fortinet waived this argument by not raising it an earlier motion to dismiss.  Dkt. No. 44 at 3–4.  Netskope also contends that Fortinet had notice of the patents because it cited the '153 patent application and genealogically related patent applications in exchanges with the USPTO, and because it had robust knowledge of patents in this field.  *Id.* at 4–6.

### i.    Waiver under Rule 12(g)(2)

Netskope argues that Fortinet waived the argument that it lacked knowledge of the patents because it did not raise it in its first motion to dismiss.  Dkt. No. 44 at 3 (citing Fed. R. Civ. P. 12(g)(2)); *see* Dkt. No. 22.  Fortinet responds that this claim is inapplicable where the Court did not decide the prior motion on the merits.  Dkt. No. 46 at 7.

Under Rule 12(g)(2), "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."  But courts in this Circuit have not applied Rule 12(g)(2) as a bar when the court did not decide the first motion to dismiss on the merits.  *See, e.g., Kilopass Tech, Inc. v. Sidense Corp.*, No. 10-cv-2066-SI, 2010 WL 5141843, at *3 (N.D. Cal. Dec. 13, 2010).  And even then, courts read Rule 12(g)(2) in light of the general policy of securing a "just, speedy, and inexpensive determination of every action and proceeding." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) (quoting Fed. R. Civ. P. 1).  This means that courts have discretion to decide a successive motion to dismiss if doing so would lead to a speedier resolution of the case.  *Id.*  Denying a successive motion to dismiss on waiver grounds "can produce unnecessary and costly delays, contrary to the direction of Rule 1."  *Id.*

The present motion does not arise from "repetitive motions practice, delay, and ambush

3

tactics." *See Allstate Ins. Co. v. Countrywide Fin. Corp.*, 524 F.Supp.2d 1164, 1175 (C.D. Cal. 2011). Netskope filed an amended complaint on April 15, 2025, Dkt. No. 13, which Fortinet moved to dismiss on May 30. Dkt. No. 22. Netskope opposed the motion to dismiss and separately filed a second amended complaint, Dkt. Nos. 29–30, leading to the termination of Fortinet's motion. Dkt. No. 34. This motion addresses the sufficiency of the Second Amended Complaint. Dkt. No. 37. There is no implication that Fortinet sought delay by seeking the Court's determination—for the first time—as to the sufficiency of the pleadings. The Court finds that Fortinet did not waive its indirect infringement arguments, and will address them on the merits.

### ii. Merits

To plead an indirect infringement claim, a plaintiff must allege plausible facts showing that the defendant "knew of the patent and that 'the induced acts constitute patent infringement.'" *Commil USA, LLC v. Cisco Sys.*, Inc., 575 U.S. 632, 639 (2015) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011)).

Netskope argues the SAC sufficiently alleges knowledge of the '153, '983, and '639 Patents. Dkt. No. 44. It contends that that Fortinet referred to the '153 Patent application in Information Disclosure Statements (IDSs) to the USPTO, *id.* at 4–6, that the '983 Patent is a direct continuation of the '153 Patent, *id.* at 6, and that Fortinet had a practice of monitoring a portfolio of patents, which included the '153, '983, and '639 Patents. *Id.* at 6–7. Fortinet counters that all three patents were expired at the time Netskope notified it of these patents in a November 2024 letter and that this new evidence does not save the indirect infringement claims. Dkt. No. 37 at 10–11; Dkt. No. 46 at 8–11. It suggests that knowledge of a patent application cannot give a party knowledge of the later issued patent, and that knowledge of one patent (or patent application) cannot give a party knowledge of another patent's claims. *Id.*

But Netskope's argument does not rely on the Second Amended Complaint: instead, it cites new exhibits attached to its opposition, and seeks leave to file yet another amended complaint.[1] *See* Dkt. No. 44 at 4–6. Netskope does not appear to contest that its Second

---

[1] It is common practice to separately move for leave to amend pleadings, especially after successive amendments, although doing so is not required by the Federal Rules. *See Ely Holdings*

4

Amended Complaint is deficient regarding Fortinet's knowledge of the three patents. *Id.* at 14. Since Netskope does not defend the three contested indirect infringement claims actually raised in the Second Amended Complaint, the Court **DISMISSES** them with leave to amend.

To streamline any future motions practice, the Court addresses Netskope's new arguments. "Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable." *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d. 1226, 1236 (Fed. Cir. 1985). Numerous cases from this district have found that knowledge of a patent application is insufficient to establish knowledge of a later issued patent. *See, e.g., NetFuel, Inc. v. Cisco Sys. Inc.,* No. 18-cv-2352-EJD, 2018 WL 4510737, at *1–2 (N.D. Cal. Sept. 18, 2018); *VIA Techs., Inc. v. ASUS Computer Int'l*, No. 14-cv-3586-BLF, 2015 WL 3809382, at *3 (N.D. Cal. June 18, 2015); *Vasudevan Software, Inc. v. TIBCO Software, Inc.*, No. 11-cv-6638-RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012); *see also WCM Indus., Inc. v. IPS Corp.*, 721 F.App'x 959, 970 & n.4 (Fed. Cir. 2018) (declining to decline whether "knowledge of a pending patent application cannot support a finding of willfulness"). A citation to a patent application in an IDS similarly does not establish knowledge of the later issued patent. *See MasterObjects, Inc. v. Amazon.com, Inc.*, No. 20-cv-8103-WHA, 2021 WL 4685306, at *4 (N.D. Cal. Oct. 7, 2021). A plaintiff might have a better argument when the IDS cites the application of an already issued patent. *Id.*

Awareness of a relative or similar patent is also insufficient to establish knowledge of a separate issued patent. *See, e.g., Fluidigm Corp. v. IONpath, Inc.*, No. 19-cv-5639-WHA, 2020 WL 408988, at *3 (N.D. Cal. Jan. 24, 2020); *Software Rsch, Inc. v. Dynatrace LLC*, 316 F.Supp.3d 1112, 1133 (N.D. Cal. 2018) (cannot infer knowledge of from knowledge of other patents). And general monitoring of a portfolio of patents alone is not enough to establish knowledge. *NetFuel, Inc.,* No. 18-cv-2352-EJD, 2018 WL 4510737, at *2–3; *Vasudevan Software,* No. 11-cv-6638-RS, 2012 WL 1831543, at *3.

*Ltd v. O'Keeffe's, Inc.*, No. 18-cv-6721-JCS, 2019 WL 3779197, at *5 (N.D. Cal. Aug. 12, 2019).

5

United States District Court
Northern District of California

***

Fortinet's motion to dismiss the indirect infringement claims related to the '153, '983, and '639 Patents is **GRANTED** with leave to amend if Netskope can truthfully do so consistent with counsel's Rule 11 obligations and the authority discussed above.

### B.    Contributory Infringement

To adequately plead contributory infringement, a plaintiff must tie the specific infringing components of the allegedly infringing products to an infringing use and plausibly allege that the component has no substantial non-infringing uses.  As explained in *Bill of Lading*:

> Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent.

*In re Bill of Lading*, 681 F.3d at 1337 (internal citations and quotations omitted); *see also Fortinet, Inc. v. Forescout Techs., Inc.*, 543 F. Supp. 3d 814, 839–40 (N.D. Cal. 2021) (finding sufficient allegations that allowed the "inference" that components of the accused product lacked substantial non-infringing uses) (emphasis in original); *Software Rsch.*, 316 F. Supp. 3d at 1136 (finding sufficient allegations that the accused product, "when used in its normal and intended" way, infringes).

Netskope alleges that Fortinet's products used in combination include features that infringe its patents.  SAC ¶¶ 386, 403, 420, 437, 454, 471, 488, 505, 522.  Netskope's opposition quotes from the allegations and explains why those allegations are sufficient to create at least a reasonable inference of infringement.  Dkt. No. 44 at 7–9.  Netskope argues that "Any hypothetical non-infringing use would require disabling the very functionality at issue. Accordingly, these features, as described, do not have any substantial noninfringing uses." *Id.*  The Court observes that Netskope pleads the absence of "substantial non-infringing uses" throughout its complaint.  SAC ¶¶ 386, 403, 420, 437, 454, 471, 488, 505, 522.

Fortinet moves to dismiss the contributory infringement counts on the ground that

Netskope has not pled that there are no substantial non-infringing uses.[2] Dkt. No. 37 at 11–16. Fortinet makes three arguments. First, Fortinet contends that the pleadings are deficient because they contain conclusory allegations. *Id.* at 11–13. Second, Fortinet argues that Netskope's allegations that the Accused Products were specifically designed and intended to operate in an allegedly infringing manner are insufficient as a matter of law. *Id.* at 13–15. And lastly, Fortinet suggests that Netskope's pleading is insufficient because the accused features are not separable components, such that the Accused Products have substantial non-infringing uses. Dkt. No. 37 at 15–16. The Court finds Fortinet's arguments unconvincing.

First, Fortinet argues that Netskope's pleadings are deficient as generally pled. Netskope cites to *Fortinet v. Forescout* to support its position that its pleading was sufficient as a matter of law. Dkt. No. 44 at 9. In that case, the complaint contained the same paragraph regarding each patent, which alleged "software components. . . are especially made for an infringing use, and have no substantial noninfringing use." *Fortinet*, 543 F.Supp.3d at 839. There, Judge Chen considered the "issue is a close one" but found the allegations sufficient. *Id.* at 840. Pleading that an accused product is incapable of substantial non-infringing use necessarily involves some degree of stated conclusions. *Id.* at 840. But Judge Chen found that allegations that "software components are 'programmed… to infringe' are sufficient to 'allow an inference that the components… have no substantial non-infringing uses.'" *Id.* (quoting *In re Bill of Lading*, 681 F.3d at 1337); *see also Software Rsch.*, 316 F.Supp.3d at 1136 (allegation that product was "especially made or especially adapted for use in infringement," and infringed "in its normal and intended usage" sufficient); *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 46–47 (Fed. Cir. 2024) (allegation that component was "especially adapted for use in the infringing systems, and it has no substantial non-infringing uses" was sufficient when supported by expert declaration). The Court similarly finds that Netskope's pleading here alleges enough.

Second, Fortinet contends that the contributory infringement allegations are contradicted

---

[2] Since Netskope failed to plead that Fortinet had knowledge of the '153, '983, and '639 Patents, the contributory infringement claims fail. The Court addresses Fortinet's arguments regarding all patents for completeness.

United States District Court
Northern District of California

by two documents cited in, but not attached to, the complaint. Dkt. No. 46 at 14. The first is a marketing brochure regarding the FortiAP Series that was partially quoted in the complaint. SAC ¶ 403 & n.29.[3] The full quotation states that, "FortiAP access points are managed centrally by the integrated WLAN controller of any FortiGate® security appliance *or can be managed through the free FortiCloud provisioning and management portal*… This enables you to easily manage wired and wireless security from a Single-pane-of-glass management console and protects your network from the latest security threats." Dkt. No. 37-6 at 1 (emphasis added to phrase omitted from complaint). Fortinet argues that since Netskope did not present any evidence that FortiAP and FortiCloud together infringe a patent, but has alleged that FortiAP and FortiGate working together infringe patents and can only work together, the '336 and '710 Patent claims fail. Dkt. No. 37 at 13–14. But that was not Netskope's argument. It alleged that any non-infringing use of the products would require disabling the infringing features. Dkt. No. 44 at 8. Nothing in the full quotation contradicts Netskope's allegation. Making all reasonable inferences in favor of the non-moving party, as the Court must at this stage, Fortinet has not shown any inherent contradiction in Netskope's allegations.

The second document is a 2,846-page administrative guide that, according to Fortinet, shows that Netskope is only claiming a small subset of features infringe five of the patents. Dkt. No. 37 at 14. Outside of its bare citation to paragraphs referring to this document, *id.* (citing SAC ¶¶ 420, 437, 488, 505, 522), Fortinet does not explain how "the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). As such, Fortinet fails to meet its burden of showing that the Court may consider its contents on a motion to dismiss.

Third, Fortinet argues that the accused features of its products are not separable, but integrated components, such that the products could not infringe the patents because there are substantial non-infringing uses of the product. It argues that Netskope's complaint alleges that the

---

[3] Fortinet argues that Netskope cited and relied upon this document by offering an incomplete quotation in the complaint. Dkt. No. 37 at 13–14 & n.4 (citing *Villarroel v. Recology*, No. 24-cv-3266-HSG, 2025 WL 948005, at *3 (N.D. Cal. Mar. 28, 2025)).

allegedly infringing features are "central to the products' operation" and therefore did not infringe, because they were part of a "comprehensive security platform." Dkt. No. 37 at 15–16. Fortinet's argument is unpersuasive. On a motion to dismiss, the Court makes all reasonable assumptions in favor of the non-moving party. Fortinet's argument assumes that when an infringing feature is "central to the product's operation" that the feature must be integral to aspects of the "comprehensive security platform." Therefore, it contends the products at issue have substantial non-infringing uses. The Court cannot make this leap on a motion to dismiss.[4]

The Court **DENIES** Fortinet's motion to dismiss the contributory infringement counts.

## IV.    CONCLUSION

The Court **GRANTS IN PART** and **DENIES IN PART** Fortinet's motion to dismiss, with leave to amend. Dkt. No. 37. Any amended complaint must be filed within 21 days of the date of this order and may not add any new claims or defendants.

**IT IS SO ORDERED.**

Dated: March 6, 2026

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] While not necessary to the outcome of the motion, Fortinet's position also is not self-evidently correct. *See Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337–38 (Fed. Cir. 2008) (finding that defendant could not "escape liability as a contributory infringer merely by embedding that microcontroller in a larger product with some additional, separable feature").